### IN THE MATTER OF THE OPENING OF ROBIN STREET.

Where an ordinance of the Council of the Second Municipality of New Orleans has been returned by the mayor of the city with objections, the concurrence of two-thirds of the members of the Council present at the meeting at which the mayor's objections are first brought to the notice of the Council, is necessary to give it the force of law. Stat. 17 February, 1805, s. 6. The question of persisting in the ordinance, must be determined then ; it cannot be adjourned to a subsequent meeting.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Durant*, for the appellants. The words "*then present* in the said Council," in the 6th sec. of the stat. of 17 Feb. 1805, incorporating the city of New Orleans, refer only to the time of the final discussion of the objections of the mayor, and mean only that two-thirds of the members must *then* concur, to give an ordinance the force of law, notwithstanding the *veto* of the mayor.

*Schmidt*, contrâ.

The judgment of the court was pronounced by

ROST, J. The Second Municipality applied to the Parish Court for the appointment of commissioners to assess the expenses, &c., of the opening of Robin street, which opening had been decreed by the Council of the Municipality at the request of certain property holders. The Parish Court granted the request, and appointed commissioners.

At this state of the cause, *Charles Genois* intervened, and opposed all further proceedings, averring that, as a corporator, and owner of land having about 600 feet front on Robin street, situated in the immediate vicinity of the contemplated improvement, to which, if carried into effect, he would have to contribute, he was interested in opposing the attempt to open said street. He did accordingly oppose it for various reasons, among which are the following:

1st. The mayor, whose concurrence is indispensable in such cases, has not sanctioned the opening of Robin street.

2d. The Council persisted in the ordinance, notwithstanding the objections of the mayor, not in the session immediately following the return of those objections, but in a subsequent session, which is illegal and contrary to the true intent of the law.

The Council of the Municipality excepted to this opposition, on the ground that *Genois*, having neither been cited nor assessed, had no right to oppose the proceedings. This exception having been overruled, an answer was filed deny-

ing all the allegations contained in the opposition. After hearing, the Parish Court sustained the opposition, and the Municipality have appealed.

The exception of the Municipality was properly overruled. The admission that *Charles Genois* is a proprietor, as he alleges in his petition, is sufficient to entitle him to the remedy he has resorted to, under a fair intendment of the law of intervention.

It is in evidence that, in the sitting of the Council of the 3d of December, 1844, when the ordinance passed, on the 26th of November preceding for the opening of Robin street, was returned by the mayor with his objections in writing, there were ten members of the Council present, the whole number being twelve. From the votes given on that occasion, it is evident that only six were in favor of persisting, notwithstanding the mayor's veto, and four were against it ; therefore the requisite number to carry the question, to wit, two-thirds, were not present. A motion was then made by a member in favor of persisting, to postpone the motion to persist to another sitting, which motion was passed by the same six members, notwithstanding the opposition of the recorder, and his declaration that it was not in order. In the next sitting, to wit, on the 10th of December, the motion to persist was passed, the six members who were in favor of it originally, having been re-inforced by two more members.

It is provided by law that, if the mayor should disapprove an ordinance of the City Council, he shall, within five days, return the same to the Council, with his objections in writing, "*and if two-thirds of the members then present in the said Council shall agree to the said ordinance, notwithstanding such objections, then, but not otherwise, the said ordinance shall have the force of law,*" &c. The Parish Court was of opinion that it must reasonably be supposed that the legislature meant something, and had an object, in using the words "*then present;*" and that unless their meaning was that, two-thirds of the members present at the time the mayor's objections first came before the Council should concur in persisting, the mayor's objections should be sustained, it is impossible to give effect to those words. We concur in this construction of the law, and are of opinion that the opposition was properly sustained.

*Judgment affirmed.*